UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANITA CUMBERBATCH,

    Plaintiff,

v.                                           Case No. 20-cv-
                                             Hon.

BEAUMONT HEALTH,

    Defendant.

_____/

Alice B. Jennings (P29064)
Carl R. Edwards (P24952)
EDWARDS & JENNINGS, P.C.
Attorneys for Plaintiff
65 Cadillac Square, Ste. 2710
Detroit, MI 48226
(313) 961-5000
ajennings@edwardsjennings.com

_____/

There is not another action which arises out of the same transaction and occurrence as stated herein, which is presently pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, VANITA CUMBERBATCH, by and through her attorneys Edwards & Jennings, P.C., by Alice B. Jennings and Carl R. Edwards, and in support of her Complaint against Defendant, Beaumont Health, states as follows:

1.      Plaintiff, Vanita Cumberbatch, is a resident of Westland, Michigan, Oakland County, Michigan.

2.      Defendant, Beaumont Health, is a corporation doing business in the State of Michigan, in Royal Oak, Michigan.

3.      Plaintiff Cumberbatch worked for Defendant Beaumont Health in its Dearborn Oakwood Hospital, in the Michigan Anatomic Pathology Department as a Histotechnician.

4.      All acts and omissions by Defendant's executives, directors, managers, supervisors, Human Resources Department; and Disability Department personnel and agents, including but not limited to, David Squire, Human Resources; and Manager Deborah Lipinski; and all other executives, managers and Human Resources personnel were acting within the scope of their employment at all relevant times stated in this Complaint.

## STATEMENT OF JURISDICTION AND VENUE

5.      The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars.

6.      On or about July 1992, Plaintiff Vanita Cumberbatch, an African American female, began her employment as a Histotechnician at a Beaumont Hospital.  Plaintiff, since approximately 2005, is a person with a cardiac medical disability, under the Americans with Disabilities Civil Rights Act.

7. On October 18, 2018, Plaintiff filed a Michigan Department of Civil Rights Complaint at the Equal Employment Opportunity filed office based on race, age, and disability.

8. On July 11, 2019, Plaintiff Vanita Cumberbatch employed with Beaumont since 1998 as a Histotechnician, filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), EEOC Charge No. 471-2019-0361 based on raced, age, disability, and retaliation.

9. On February 15, 2020 Plaintiff Cumberbatch received a mailed "Notice of Right to Sue" letter from the EEOC for her Charge No. 471-2019-00254 and 471-2019-0361, by regular mail.

10. Plaintiff Cumberbatch, in this Complaint, brings Counts under the Americans with Disabilities Act (ADA), Family Medical Leave Act (FMLA) and the Michigan Elliott Civil Rights Act; Title VII, Civil Rights Act based on race, and the Age Discrimination in Employment Act (ADEA); and Retaliation pursuant to her EEOC charges 471-2019-0025 and 471-2019-0-3961. Venue is proper where all incidents, events and occurrences giving rise to this action occurred in the Eastern District.

**COMMON STATEMENT OF FACTS**

11. From July 1992 to August 2018, Plaintiff performed her position as a Histotechnician fully.

12. In 1998 Plaintiff was laid off until 2000. After 2000, Plaintiff continued working at Defendant's Oakwood Hospital in Dearborn, Michigan, meeting all performance expectations. Plaintiff received numerous "Bravo" "Applause For Demonstrating Credo Values and Behaviors".

13. On or about August 8, 2018, Plaintiff Cumberbatch applied for Family Medical Leave, and was granted a disability leave by Defendant's Human Resources Department.

14. Plaintiff's cardiac medical condition was aggravated and accelerated by harassment she received by Manager Lipinski and her white coworkers.

15. On or about September 27, 2018, Plaintiff advised Defendant's Human Resources Department that her physician released her to return to work without restrictions. Plaintiff's return to work date was scheduled for October 1, 2018.

16. On or about October 1, 2018, Plaintiff, upon arrival at work, was advised by Manager Debbie Lipinski, white female, to report to Defendant's Human Resources Department.

17. On October 1, 2018, Plaintiff Cumberbatch reported to Defendant's Human Resources Department and was informed by Human Resources that Plaintiff no longer had "a position". At the time of Plaintiff's attempted return to work she was sixty (60) years old and the oldest employee in the Department, and the only

African American on her shift in Defendant's Pathology Department. Plaintiff had twenty-nine (29) years of seniority with Defendant.

18.     Plaintiff Cumberbatch, knowing her termination was discriminatory, filed an Equal Employment Opportunity Commission (EEOC) Charge No. 471-2019-00254, requesting that she be reinstated to her position, with backpay, with claims of race, age, and disability discrimination.

19.     After EEOC's investigation, Defendant's Human Resources advised Plaintiff to apply for medical while they tried to investigate.

20.     On November 14, 2018, Plaintiff received a letter from Defendant's Human Resources Department stating she could return to work on or about January 1, 2019. Defendant's Human Resources consultant, untruthfully represented Plaintiff's October 2018 termination as a medical leave.

21.     On January 2, 2019, Plaintiff reported to Defendant's Human Resources Department and was returned back to the Pathology Department.

22.     From January to June 2019, Plaintiff attempted to use her previously FMLA intermittent leave time. Not until approximately April 2019, was Plaintiff told she was allegedly ineligible for FMLA based on not having accrued FMLA credits. Plaintiff protested that her FMLA was reinstated with her return to work. Plaintiff asked Human Resources to investigate why she did not have FMLA intermittent time.

5

23. On June 28, 2019, Manager Lipinski told Plaintiff Cumberbatch she was terminated because of poor attendance and that she was a "no call, no show" on one occasion. Plaintiff advised her that she had used FMLA like she had years previously, and further Plaintiff advised Manager Lipinski she was never a "no call, no show". Plaintiff further advised Manager Lipinski that she did not have poor attendance and that she always followed protocol for calling into work if she was going to be absent.

24. In the June 28, 2019 termination conversation Manager Lipinski stated to Plaintiff "Courtney" and another Human Resources employee, both African Americans, were no longer in Human Resources. Manager Lipinski stated to Plaintiff, sarcastically in a hostile tone, "I don't know who you are going to talk to now". Plaintiff asked her "what did she mean?"

25. On June 28, 2019, Plaintiff after what she knew was a retaliatory and pretextual second termination, met with the Director of Human Resources, David Squire, white male, with Manager Lipinski also present. Plaintiff stated after she was advised she had been absent six (6) times since January 2019, that she had developed health issues requiring infrequent time off which should have been covered by her FMLA intermittent leave. Plaintiff pointed out other employees, all younger and white, with far greater challenging attendance records, were not terminated or "singled out" for harassment and/or termination.

26. Plaintiff, through EEOC, had asked that FML intermittent be approved as an accommodation under the Americans with Disabilities Act. Plaintiff's status after talking to Squire remained terminated.

27. After Plaintiff's termination, a younger, white male employee, was placed in the position she previously held.

## COUNT I
## VIOLATION OF TITLE I OF AMERICANS WITH DISABILITIES AT (ADA OF 1990, 42 USC, § 1211, ET. SEQ.

28. Plaintiff incorporates paragraphs 1-27, as fully set forth herein.

29. Plaintiff, in August 2018, had an exacerbation of her medical cardiac condition, which substantially limits her major life activity of breathing.

30. Plaintiff requested and was granted a medical leave of absence as an accommodation for her medical condition, based on her need for hospitalization.

31. Upon returning to work Plaintiff was harassed by her management because of her requirement to continue treatment. Further, Plaintiff's coworker was harassing her repeatedly.

32. In 2018, Plaintiff began receiving warnings for taking time off work, all administered in a hostile, dismissive fashion. Though Plaintiff requested an "accommodation" under the ADA of extended time, Defendant terminated her instead.

33. Plaintiff's work environment was hostile, based upon acts of her superiors.

34. On June 28, 2019, Plaintiff was retaliatorily terminated for further absences, untruthfully stating she had not followed procedure; and that any time taken off was related to FML intermittent time off.

35. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life; including the right to pursue the gainful employment of her choice.

WHEREFORE: Plaintiff Cumberbatch respectfully requests that this court enter judgment in her favor on all her counts, and allow her all damages allowed under the respective counts, including attorney fees and costs.

## COUNT II
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

36. Plaintiff herein incorporates paragraphs 1-35, as fully set forth herein.

37. Under the FMLA, an eligible employee who takes leave under the FMLA shall be entitled on return from such leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to be restored to an equivalent position with equivalent employment benefits, pay and

other terms and conditions of employment, 29 USC 2614 (a)(1)(A)-(B). The taking of leave under the FMLA shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced. 29 USC 2614 (a)(2).

38. The FMLA further provides that it shall be unlawful for any employer to interfere with, restrain or deny the exercise of the attempt to exercise any right provided for in the FMLA, 29 USC 2615(a)(1).

39. Accordingly, Plaintiff Cumberbatch was entitled to return to her former position in 2018 and 2019 without changes in the terms and conditions of her employment.

40. Defendant Beaumont Health violated the FMLA when it changed the conditions of employment upon Plaintiff's return from FMLA leave, punishing Plaintiff for taking leave and retaliating against Plaintiff by creating a hostile work environments for Plaintiff taking FMLA leave, interfering with FMLA leave, and refusing to grant her FMLA if needed as an accommodation, treating Plaintiff in a disparate fashion relative to an employee in the exact same classification as Plaintiff.

41. Defendant's violations were retaliatory, willful, intentional, and/or reckless violations of 29 USC 2615 and 29 USC 2617.

42. As a direct and proximate result of Defendant's illegal actions, Plaintiff has suffered the following damages which are recoverable under 29 USC 2617:

    a. Lost wages, employment benefits, liquidated damages and other compensation;

    b.    Interest on lost wages and other employment benefits;
    c.    Litigation costs and attorney fees;
    d.    Any other damages allowable under the FMLA which are identified in the course of discovery.

## COUNT III
### VIOLATION OF TITLE VII - CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 USC § 2000e, *et seq.*, BASED ON RACE

43. Plaintiff herein incorporates paragraphs 1-42, as fully set forth herein.

44. Plaintiff, Vanita Cumberbatch, is the only African American on her shift in Defendant Hospital's Pathology Department.

45. Defendant has violated Title VII, in the following ways:

    a.    Creating untrue pretexual rationale to report Plaintiff for alleged absenteeism instead of allowing her to use FML;

    b.    Creating and allowing Plaintiff to be subject to a race hostile and harassing work environment; and

    c.    Treating Plaintiff different from her white coworker.

46. As a direct and proximate result of said acts and omissions under Title VII – Civil Rights Act of 1964, as amended, by Defendant's agents and employees, Plaintiff Cumberbatch has suffered and will continue to suffer lost wages and pension benefits, loss of earning capacity, loss of dignity and enjoyment of life, extreme mental and emotional distress, pain and suffering, nervousness, embarrassment and humiliation, requiring professional medical treatment and medication all past, present, and future.

WHEREFORE, Plaintiff Vanita Cumberbatch, demands judgment against Defendant for such amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as Plaintiff is found to be entitled, plus interest, costs, and reasonable attorney's fees; and/or all injunctive relief allowed under Title VII.

## COUNT IV
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

47. Plaintiff incorporates paragraphs 1-46 as set forth herein.

48  Plaintiff in 2018 and 2019 was the oldest employee in Defendant's Pathology Department.

49. Plaintiff as the oldest employee was treated disparately by Defendant's manager in violation of ADEA in the following ways:

　　a.　Treated differently than younger employees who were similarly situated in terms and conditions of employment, including FMLA leaves and attendance;

　　b.　Replacing Plaintiff with a younger, white employee after each of her terminations; and

　　c.　Creating hostile work environment for Plaintiff, while treating younger employees in a respectful and appropriate manner.

50. As a direct and proximate result of said acts and omissions under the ADEA, by Defendant's agents and employees, Plaintiff Cumberbatch has suffered and will continue to suffer lost wages and pension benefits, loss of earning capacity, loss of dignity and enjoyment of life, extreme mental and emotional distress, pain

and suffering, nervousness, embarrassment and humiliation, requiring professional medical treatment and medication all past, present, and future.

WHEREFORE, Plaintiff Vanita Cumberbatch, demands judgment against Defendant for such amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as Plaintiff is found to be entitled, plus interest, costs, and reasonable attorney's fees; and/or all injunctive relief allowed under Title VII.

## COUNT V
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PWDCRA) BASED ON PERCEIVED DISABILITY

51. Plaintiff incorporates paragraphs 1 through 50 as set forth herein, asking that the Court exercise its ancillary jurisdiction on Plaintiff's Michigan State Count.

52. Defendant through its Executives, Directors, Managers, Human Resources Personnel, and agents have since August 2018 perceived Plaintiff as disabled and treated her in a disparate manner as follows under the Michigan Persons With Disabilities Civil Rights Act:

    a. Humiliating and embarrassing Plaintiff in the presence of management, colleagues, co-workers, patients and others;

    b. Refusing to accommodate Plaintiff's medical condition while accommodating others; and

    c. Subjecting Plaintiff to a hostile work environment; and

    d. Treating Plaintiff differently in applying attendance policies; and

      e.      Terminating Plaintiff wrongfully twice.

53. As a direct and proximate result of said acts and omissions under PWDCRA, by Defendant's agents and employees, Plaintiff Cumberbatch has suffered and will continue to suffer lost wages and pension benefits, loss of earning capacity, loss of dignity and enjoyment of life, extreme mental and emotional distress, pain and suffering, nervousness, embarrassment and humiliation, requiring professional medical treatment and medication all past, present, and future.

WHEREFORE, Plaintiff Vanita Cumberbatch, demands judgment against Defendant for such amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as Plaintiff is found to be entitled, plus interest, costs, and reasonable attorney's fees; and/or all injunctive relief allowed under the PWDCRA.

**COUNT VI**
**VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN**
**CIVIL RIGHTS ACT (ELCRA) BASED ON RACE AND AGE**

54. Plaintiff incorporates paragraphs 1 through 53 as set forth herein. Plaintiff requests that this Court exercise its ancillary jurisdiction.

55. Defendant through its Executives, Directors, Managers, Human Resources Personnel, and agents have since August 2018 treated Plaintiff, an African American female, in a disparate manner as follows under the Michigan Elliott-Larsen Civil Rights Act based on her race and age:

      a.      Treating Plaintiff disparately than her younger white comparables;

13

    b.    Evaluating Plaintiff's attendance performance with a disparate standard compared to the standard used to evaluate non-African Americans, younger employees;

    c.    Embarrassing and humiliating Plaintiff unlike younger, white employees, before other management, co-workers, colleagues, patients, and others to diminish her reputation;

    d.    Create untrue pretexual rationale to report Plaintiff for trumped up charges of attendance violations;

    e.    Creating a race and age hostile and harassing work environment; and

    f.    Wrongfully terminating Plaintiff in violation of ELCRA.

56.    As a direct and proximate result of said acts and omissions under the ELCRA, based on her race and age, by Defendant's agents and employees, Plaintiff has suffered and will continue to suffer lost wages and pension benefits, loss of earning capacity, loss of dignity and enjoyment of life, extreme mental and emotional distress, pain and suffering, nervousness, embarrassment and humiliation, requiring professional medical treatment and medication all past, present, and future.

WHEREFORE, Plaintiff Vanita Cumberbatch, demands judgment against Defendant for such amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as Plaintiff is found to be entitled, plus interest, costs, and reasonable attorney's fees; and/or all injunctive relief allowed under the ELCRA.

## COUNT VII
## RETALIATION BASED ON VIOLATIONS OF PROTECTED ACTIVITY

## TITLE I – AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC § 12111, *et seq.,*; FAMILY MEDICAL LEAVE ACT; AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA); TITLE VII - CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 USC § 2000e, *et seq.*, BASED ON RACE; MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT; and MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT BASED ON RACE

57. Plaintiff incorporates paragraphs 1 through 56 as fully set forth herein.

58. Plaintiff Cumberbatch engaged in protected by filing an EEOC charge with the federal government based on her race, African American, and age disability.

59. As a direct consequence of Plaintiff's protected activity, Defendant has subjected Plaintiff Cumberbatch to retaliation and retaliatory harassment in the terms and conditions of her employment, including but not limited to:

    a.    Disparate treatment with regard to attendance;

    b.    Failure to provide Plaintiff with employment, instead creating untrue pretextual rationale for not returning Plaintiff to work in October 2018;

    c.    Removing Plaintiff's FMLA intermittent status;

    d.    Replacing Plaintiff with someone not in a protected category;

    e.    Allowing Plaintiff to be subject to harassment by her coworker;

    f.    Creating a retaliatory work environment, upon Plaintiff's January return to work;

    g.    Embarrassing and humiliating Plaintiff in front of other management, co-workers, colleagues, patients, and others; and

    h.    Retaliatory harassing the Plaintiff with false charges of attendance misconduct; and

    i.  Wrongfully terminating Plaintiff in June 2019 after she filed a charge with the EEOC, and made complaints regarding denial of FMLA leave and failure to accommodate her medical condition.

  60. As a direct and proximate result of said retaliatory acts and omissions by Defendant's agents and employees, Plaintiff has suffered and will continue to suffer lost wages and pension benefits, loss of earning capacity, loss of dignity and enjoyment of life, extreme mental and emotional distress, pain and suffering, nervousness, embarrassment and humiliation, requiring professional medical treatment and medication all past, present, and future.

  WHEREFORE, Plaintiff Vanita Cumberbatch, demands judgment against Defendant Beaumont Health for such amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as Plaintiff is found to be entitled, plus interest, costs, and reasonable attorney's fees; and/or all injunctive relief allowed under the ADA, Title VII, ADEA, PWDCRA, and ELCRA.

            Respectfully submitted,
            EDWARDS & JENNINGS, P.C.

           By: /s/ Alice B. Jennings
             Alice B. Jennings (P29064)
             Attorney for Plaintiff
             ajennings@edwardsjennings.com

May 12, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANITA CUMBERBATCH,

    Plaintiff,

v.                                                                          Case No. 20-cv-
                                                                              Hon.

BEAUMONT HEALTH,

    Defendant.

_____/

| Alice B. Jennings (P29064)<br>Carl R. Edwards (P24952)<br>EDWARDS & JENNINGS, P.C.<br>Attorneys for Plaintiff<br>65 Cadillac Square, Ste. 2710<br>Detroit, MI 48226<br>(313) 961-5000<br>ajennings@edwardsjennings.com | |

_____/

## **JURY DEMAND**

NOW COMES Plaintiff, VANITA CUMBERBATCH, by and through her attorneys, Alice B. Jennings, and Carl R. Edwards, and demands a trial by jury of the within cause.

                                                Respectfully submitted,
                                                EDWARDS & JENNINGS, P.C.

                                      By:   /s/ Alice B. Jennings
                                              Alice B. Jennings (P29064)
                                              Carl R. Edwards (P24952)
                                              ajennings@edwardsjennings.com

Dated:  May 12, 2020